**SCOTT J. ALLEN**, CA State Bar No. 178925
scott@legalforcelaw.com
**NICK GEROVAC**, CA State Bar No. 289910
nick@legalforcelaw.com
**ROY MONTGOMERY**, CA State Bar No. 279531
roy@legalforcelaw.com
**BRUNO W. TARABICHI**, CA State Bar No. 215129
bruno@legalforcelaw.com

**LEGALFORCE RAJ ABHYANKER, P.C.**
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone:  650.965.8731
Facsimile:   650.989.2131

Attorneys for Plaintiffs
FATDOOR, INC., RAJ V. ABHYANKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FATDOOR, INC., a Delaware corporation, and RAJ ABHYANKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Fatdoor, Inc. and Raj Abhyanker allege the following:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff FATDOOR, INC. is a Delaware corporation, with principal place of business in Mountain View, California. Plaintiff Raj Abhyanker is an individual residing in Cupertino, California.

COMPLAINT FOR PATENT INFRINGEMENT

2. Upon information and belief, NEXTDOOR.COM, INC. is a Delaware corporation with its principal place of business at 110 SUTTER STREET, SUITE 700, SAN FRANCISCO, CA 94104. Nextdoor has one or more offices in California and conducts business throughout the State of California, including business conducted within this judicial district.

3. This action arises under the patent laws of the United States, *35* U.S.C. § 1 *et seq.* This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant resides in this judicial district and/or maintains continuous and systematic contacts with this judicial district; acts of infringement and other events giving rise to Plaintiffs' claims asserted herein have occurred within this judicial district; and Defendant offers to sell and/or sells goods or services that infringe the patents in suit to consumers within this judicial district and/or otherwise engage in actions that infringe the patents in suit within this judicial district. Defendant is therefore subject to jurisdiction within this judicial district, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**INTRADISTRICT ASSIGNMENT**

5. This is an Intellectual Property Action to be assigned on a district-wide basis under Civil L.R. 3-2(c) and 3-5.

**THE '091 PATENT**

6. Plaintiffs Abhyanker and Fatdoor each own a 50% interest in United States Patent No. 8,732,091, entitled "SECURITY IN A GEO-SPATIAL ENVIRONMENT" and which was duly issued on May 20, 2014 ("the '091 Patent"). A true and correct copy of the '091 Patent is attached hereto as **Exhibit A** and is incorporated herein by reference.

**DEFENDANT'S ACTIVITIES**

7. Defendant is, without authorization from Plaintiffs, publishing and offering to the public a neighborhood social networking website product and service through, among other things, the internet domain name www.nextdoor.com, a domain name that was explicitly disclosed as part of the application for the '091 patent application and in applications to which the

'091 Patent claims priority, said disclosure occurring long before Defendant began to use that same domain name to infringe the '091 Patent. Copies of selected screenshots from Defendant's website are attached hereto as **Exhibit B** and incorporated herein by reference as an overview of the methods employed and the products and services made, used, offered for sale and sold by the Defendant, although the Defendant's infringing activities are not limited to those depicted in **Exhibit B**. By making and using the www.nextdoor.com website and by making, using offering to sell and/or selling the Defendant's goods or services of nextdoor.com, the Defendant has infringed and continues to infringe one or more claims of the '091 Patent.

8. Defendant's acts of infringement described herein have caused and, unless restrained and enjoined by this Court, will continue to cause Plaintiffs to suffer damages in an amount to be proven at trial as well as further irreparable damage, loss, and injury for which Plaintiff has no adequate remedy at law.

### CAUSE OF ACTION (Infringement of '091 Patent)

9. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-9 with the same force and effect as if set forth fully herein.

10. Defendant's actions described herein constitute direct infringement of the '091 Patent, in violation of 35 U.S.C. § 271(a).

11. Defendant's infringement of the '091 Patent has caused, and will continue to cause Plaintiff to suffer damages in an amount to be proven at trial, for which Plaintiff is entitled to be compensated pursuant to 35 U.S.C. § 284.

12. Plaintiff has suffered and continues to suffer irreparable injury resulting from Defendant's infringement of the '091 Patent, for which Plaintiff has no adequate remedy at law.

13. On information and belief Defendant's infringement of the '091 Patent will continue, and the Plaintiff will continue to suffer the resulting irreparable injury, unless and until such acts are restrained and enjoined by this Court.

## REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully requests entry of judgment in its favor and against Defendant as follows:

A. That Defendant has directly infringed the '091 Patent;

B. That Defendant and its officers, agents, affiliates, parent and subsidiary corporations, employees, attorneys, and representatives, and all those acting in concert or participation with them, be preliminarily and permanently enjoined from making, using, offering for sale, and/or selling within the United States any method, product, service, website, or device that infringes any claim of the '091 Patent;

C. That Plaintiff shall recover from Defendant damages adequate to compensate Plaintiff for infringement of the '091 Patent, pursuant to 35 U.S.C. § 284;

D. That Plaintiff shall recover from Defendant its litigation expenses, including costs and reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, and other applicable laws; and

E. That Plaintiff has such other, further, or different relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and Civil L.R. 3-6, Plaintiffs demand a jury trial on issues triable to a jury.

COMPLAINT FOR PATENT INFRINGEMENT

Dated: May 20, 2014

Respectfully submitted,

LEGALFORCE RAJ ABHYANKER, P.C.

By /s Scott J. Allen
Scott J. Allen
Nick Gerovac
Roy Montgomery
Bruno W. Tarabichi

Attorneys for Plaintiffs
FATDOOR, INC. and Raj Abhyanker

COMPLAINT FOR PATENT INFRINGEMENT